Judge Mii.ls
delivered the opinion.
This is an action by the bank against the maker of a note, wbieh bad been transferred from the payee by two assignments to the bank, both of which read as follows:
“Pay to Alexander May or order.
RICHARD TAYLOR.”
“Pay to the President, directors and company of the Frankfort Bank. ALEXANDER MAY.”
These assignments were endorsed on the note, and the sole question is, are they sufficient in their terms to pass the legal title to the note, so as to authorise the bank to sue in its corporate name? If this paper is considered under the act establishing the bank, which places such writings, when discounted, on the footing of foreign hills of exchange, the endorsements, similar to those usually made on bills of exchange, are sufficient to pass the legal title. If we consider it, under an act of assembly authorising notes tobe negotiated by assignment, (which is the act which in fact governs the case,) we still conceive the assignment sufficient. The act prescribes no set form of words. Any expressions which in substance shew that the holder intend* *293 j»d to pari with the paper, and which vests the assignee with the title to its contents, ougiit to be deemed sufficient to authorise suit in the name of the assignee. The ex pressions used in the present case make no reservation, bed passed the paper. The court below, therefore, did right in overruling the defendant’s demurrer.
The decision must be affirmed with costs.